USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 12/6/18

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KARIM GOLDING,

Petitioner,

-v-

JEFFERSON B. SESSIONS III,

Respondent.

No. 18-cv-3036 (RJS)
ORDER

RICHARD J. SULLIVAN, District Judge:

Petitioner Karim Golding, who is in immigration custody, brings this action pursuant to 18 U.S.C. § 2241, seeking release from immigration detention or an immediate bond hearing. For the reasons set forth below, this action is transferred to the United States District Court for the District of New Jersey.

## I. BACKGROUND

On April 5, 2018, Petitioner filed a habeas corpus petition in this District challenging his continued immigration detention without a bond hearing. (Doc. No. 1.) The petition was assigned to my docket on April 18, 2018. On April 23, 2018, the Court ordered the government to respond to the petition (Doc. No. 4), and on May 17, the government filed its response (Doc. No. 7). In its brief, the government urges the Court to transfer this case to the District of New Jersey pursuant to the "immediate custodian" rule. (Doc. No. 7.) As explained by the Supreme Court in *Rumsfeld v. Padilla*, 542 U.S. 426 (2004), the immediate custodian rule requires a habeas petitioner challenging his "present physical confinement" to name as a respondent "the warden of the facility where the prisoner is being held" and to file that action in the district in which he is physically present at the time of filing. *Id.* at 435, 443. Although Petitioner has since been transferred to an

immigration facility in Alabama (Doc. No. 6), he was present in New Jersey at the time he filed his habeas petition, and under the government's construction of the immediate custodian rule, he should have brought this action in that court. The Court's April 23, 2018 order provided Petitioner until June 5, 2018 to submit a reply in support of his petition (*see id.*), but Petitioner did not submit such a brief.

Shortly after Petitioner's deadline to reply, another habeas petition presenting an identical issue, *Abarca Zelaya v. Decker*, No. 18-cv-5144 (RJS), was assigned to my docket. Because that action involved a petitioner who was represented by counsel, the Court held this petition in abeyance until *Abarca Zelaya* was fully briefed and argued. However, following oral argument on July 19, 2018, the parties in *Abarca Zelaya* consented to transfer to the District of New Jersey on August 2, 2018. (*See* 18-cv-5144, Doc. Nos. 22, 25.) As a result, the Court did not rule on the merits of the venue issue presented in that case. On August 13, 2018, the Court ordered the parties in this action to submit supplemental briefing regarding the applicability of the immediate custodian rule. (Doc. No. 11.) The government filed its supplemental brief on August 20, 2018 (Doc. No. 13), and Petitioner, still proceeding *pro se*, responded in a brief dated September 2, 2018 and received by the Court on September 7, 2018 (Doc. No. 16).

## II. Discussion

Petitioner makes four claims in his habeas petition. First, he asserts that he is entitled to a "custody redetermination hearing" because he requested one when he was taken into the custody of Immigration and Customs Enforcement ("ICE"). Second, he contends that his detention pursuant to 8 U.S.C. § 1226(c) violates due process. Third, he maintains that the denial of a custody redetermination hearing violates his due process rights. And fourth, he argues that he has been detained pursuant to 8 U.S.C. § 1226(a), which requires that he receive a bond hearing. (Doc.

No. 1 at 6–8.) Consequently, Petitioner requests relief in the form of either immediate release or an individualized bond hearing. (*Id.* at 8.)

"In order to entertain a *habeas corpus* petition under 28 U.S.C. § 2241, a court must have jurisdiction over the petitioner's custodian." *Cesar v. Shanahan*, 17-cv-7974 (ER), 2018 WL 1747989, at *1 (S.D.N.Y. Feb. 5, 2018). Jurisdiction is evaluated at the time the petition is filed, and is not impacted by subsequent transfers of the Petitioner, even transfers outside the judicial district in which the petition was properly filed. *See Rumsfeld v. Padilla*, 542 U.S. 426, 440–41 (2004); *see also Henderson v. I.N.S.*, 157 F.3d 106, 125 (2d Cir. 1998) (citing *Endo*, 323 U.S. at 304–05 (1944); *Ayala-Heredia v. Exec. Office U.S. Marshals*, No. 11-cv-1072 (RRM) (LB), 2011 WL 3348226, at *1 n.3 (E.D.N.Y. Aug. 2, 2011).

To determine whether the Court has jurisdiction over the proper respondent, the Court must ascertain the respondent's identity. In non-immigration habeas proceedings, the rule is clear – the proper respondent is the petitioner's immediate custodian, who is generally "the warden of the facility where the prisoner is being held." *Calderon v. Sessions*, --- F. Supp. 3d ---, 2018 WL 3677891, at *2 (S.D.N.Y. Aug. 1, 2018). However, in the immigration context, courts distinguish between "core" habeas proceedings – challenges to present physical confinement – and "non-core" proceedings, which are really challenges to orders of removal. *Id.*; *see also Singh v. Holder*, 12-cv-4731 (JMF), 2012 WL 5878677, at *1 (S.D.N.Y. Nov. 21, 2012). In core proceedings, many courts in this Circuit apply the immediate custodian rule, although its application has "not been universal." *Id.* at *3 (first citing *Farez-Espinoza v. Chertoff*, 600 F. Supp. 2d 488 (S.D.N.Y. 2009) and then citing *Reyes-Cardenas v. Gonzales*, 05-cv-5687 (KMW), 2007 WL 1290141 (S.D.N.Y. Apr. 30, 2007)). In non-core proceedings, "courts in this [C]ircuit have consistently held that the

proper respondent is a person or entity that has *legal custody* of the petitioner." *Calderon*, 2018 WL 3677891, at *3.

Here, the Court concludes that Petitioner's request for a bond hearing is essentially a challenge to his current immigration detention and therefore falls within the ambit of "core" proceedings. Although Petitioner argues that his claim is non-core because it is "based on the arbitrary denial of a . . . hearing underlying immigration [detention]" (Doc. No. 16 at 1), this argument misses the mark. As Judge Failla recognized in *Gomez v. Decker*, "the reason [Petitioner] seeks a bond hearing is to be released from physical custody. While there may be some distinctions metaphysically between requesting release from detention on one hand, and requesting a bond hearing in order to be released on the other . . . it is a distinction without a difference." 18-cv-4009 (KPF), Doc. No. 63 at 9:14–19.[1] Accordingly, the Court concludes that this is a core habeas proceeding, and next addresses the applicability of the immediate custodian rule.

In *Padilla*, the Supreme Court instructed that the immediate custodian rule applies in core habeas proceedings outside of the immigration detention context, and therefore "the default rule is that the proper respondent is the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official." 542 U.S. at 435. However, "the Supreme Court in *Padilla* 'left open the question whether the Attorney General is a proper respondent to a *habeas* petition filed by an alien [detained] pending deportation.'" *Cesar*, 2018 WL 1747989 at *1 (quoting *Padilla*, 542 U.S. at 435 n.8)). But, as many other courts in this District have recognized, the reasoning of *Padilla* leaves little room to apply a rule other than the immediate custodian rule to core habeas challenges involving immigrants who are detained

[1] The transcript of Judge Failla's ruling was filed in this case as Doc. No. 17-1.

pending possible deportation. *See id.*; *see also, e.g.*, *Alberto v. Decker*, 17-cv-2604 (PKC), 2017 WL 6210785, at *2 (S.D.N.Y. Nov. 21, 2017); *Guo v. Napolitano*, No. 09-cv-3023 (PCG), 2009 WL 2840400, *3 (S.D.N.Y. Sept. 2, 2009); *Nken v. Napolitano*, 607 F. Supp. 2d 149, 158 (D.D.C. 2009) ("[N]o principled distinction exists between habeas actions brought by a prisoner and those brought by a detained alien."). In *Padilla*, the Court relied on the "longstanding practice" that challenges to "present physical confinement" be directed to the warden of the facility where the detainee was held at the time he filed his habeas petition, distinguished a series of cases holding that the immediate custodian rule does not apply when a petitioner is "not challenging any present physical confinement," and directly rejected the habeas applicant's argument, based on *Ex Parte Endo*, 323 U.S. 283 (1944), that the proper respondent in a core challenge can be "someone other than the immediate physical custodian." *Padilla*, 542 U.S. at 435–41. The Court will therefore apply the immediate custodian rule to this case.

The phrase "immediate custodian rule" is perhaps a misnomer in the context of this case – an accurate descriptor for the rule of decision would be the "immediate custodian at the time of filing" rule. The Supreme Court has explained that under the immediate custodian rule, the proper respondent is the warden of the facility where the detainee is held at the time he files his request for habeas relief. *Padilla*, 542 U.S. at 440–41. Once a petition is filed, the government's decision to transfer a detainee has no effect on jurisdiction, which is retained by the district court that had jurisdiction over the proper respondent at the time of filing. *See id.*; *id.* at 458 (Stevens, J., dissenting); *see also Ayala-Heredia*, 2011 WL 3348226, at *1 n.3; *Tribble v. Killian*, 632 F.3d 358, 361 n.4 (S.D.N.Y. 2009) (collecting cases); *but see Gonzalez v. Grondolsky*, 152 F. Supp. 3d 39, 44–46 (D. Mass. 2016) (recognizing that a habeas petition may be moot when a prisoner is transferred outside of a jurisdiction and there is no respondent remaining in the jurisdiction with

the power to release the petitioner). At the time that Petitioner instituted this action, his immediate custodian was the warden of the Bergen County Jail. Per *Padilla*, the fact that the Petitioner has since been relocated to Alabama is of no moment; the warden of the Bergen County Jail is the proper respondent.

The Court recognizes that, in recent weeks, several judges in this District, relying on the contracts between ICE and various New Jersey detention facilities for the housing of immigrant detainees, have concluded that ICE officials based in this District are appropriately named as the respondent in a habeas petition. *Kolev v. Sessions*, 17-cv-9477 (RA), 2018 WL 4473338, at *4–5 (S.D.N.Y. Sept. 17, 2018) (concluding that Christopher Shanahan, "an ICE official based in New York City," was the petitioner's immediate custodian); *You v. Nielsen*, 321 F. Supp. 3d 451, 460–61 (S.D.N.Y. 2018) (concluding that "ICE officials located in this district" acted as petitioner's immediate custodians); *Calderon v. Sessions*, 2018 WL 3677891, at *3–4 (S.D.N.Y. Aug. 1, 2018) (also concluding that then-Attorney General Sessions and Secretary of Homeland Security Kirstjen Nielsen were properly named as respondents). The Court disagrees. As the Supreme Court recognized in *Padilla*, a detainee's immediate custodian is the person who "exercises day-to-day control" over his or her "physical custody," not the person who ordered such custody. 542 U.S. at 439. Thus, even if the Attorney General or an ICE employee is in some way ultimately responsible for Petitioner's detention, the person with day-to-day control over Petitioner (at the time of filing) was the warden of the Bergen County Jail. Consequently, the warden of the Bergen County Jail is the proper respondent here. *Id.* at 434 ("[T]here is generally only one proper respondent to a given prisoner's habeas petition."); *see also Alsomairi v. Dawson*, No. 18-cv-7000 (PGG), Doc. No. 14, *appeal dismissed and mandamus denied*, 2d Cir. Case No. 18-2359, Doc. No. 91;[2] *Pastor*

[2] The transcript of Judge Gardephe's ruling was filed in this case as Doc. No. 13-4.

*v. Sessions*, 18-cv-6941 (CM), Doc. No. 9 at 5:16–21;[3] *Suraiva v. Cioppa*, 18-cv-6628 (JMF), Doc. No. 18 at 4:10–15;[4] *Gomez*, 18-cv-4009 (KPF), Doc. No. 63 at 12:1–9. Thus, this Court is not the proper forum for this case.

Since the proper respondent is in New Jersey, jurisdiction lies in the District of New Jersey. *Guo*, 2009 WL 2840400, at *5–6. Accordingly, pursuant to 28 U.S.C. § 1631, IT IS HEREBY ORDERED that this action is transferred to the United States District Court for the District of New Jersey. Because the government has waived the seven-day waiting period required by Local Civil Rule 83.1, IT IS FURTHER ORDERED that the case shall be transferred immediately. (*See* Doc. No. 7 at 9 n.3.)

The Clerk of Court is respectfully directed to immediately transfer this case to the United States District Court for the District of New Jersey.

SO ORDERED.

Dated: December 4, 2018
New York, New York

RICHARD J. SULLIVAN
UNITED STATES DISTRICT JUDGE

[3] The transcript of Chief Judge McMahon's ruling was filed in this case as Doc. No. 13-5.

[4] The transcript of Judge Furman's ruling was filed in this case as Doc. No. 13-6.